concedes that he did not first present the claim to the appropriate federal agency. Appellant's Br. at 12. As we have held that the failure to file a timely administrative claim under the FTCA bars federal jurisdiction, *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982), we also conclude that the district court correctly held that it did not have jurisdiction over Singleton's intentional infliction of emotional distress claim.

### III. CONCLUSION

For the above reasons, we **AFFIRM** the decision of the district court granting the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0029P (6th Cir.)
File Name: 02a0029p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JAMES R. SINGLETON,
  *Plaintiff-Appellant,*

  *v.*

UNITED STATES OF AMERICA,
  *Defendant-Appellee.*

No. 00-4152

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 99-00472—Walter H. Rice, Chief District Judge.

Argued: October 9, 2001

Decided and Filed: January 22, 2002

Before: JONES and MOORE, Circuit Judges; HAYNES,[*]
District Judge.

———————————

**COUNSEL**

**ARGUED:** Richard B. Reiling, WALSH, HARRISON & REILING, Dayton, Ohio, for Appellant. H. Thomas Byron III, UNITED STATES DEPARTMENT OF JUSTICE, CIVIL

———————————

[*]The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

RIGHTS DIVISION, Washington, D.C., for Appellee. **ON BRIEF:** Richard B. Reiling, WALSH, HARRISON & REILING, Dayton, Ohio, for Appellant. H. Thomas Byron III, Robert S. Greenspan, UNITED STATES DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION, Washington, D.C., for Appellee.

————————

## OPINION

————————

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant James R. Singleton, a Captain in the Ohio Air National Guard, appeals from the decision of the district court granting Defendant-Appellee United States' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In 1999, Singleton filed a complaint in Ohio state court against Thomas A. Hitzeman, a Major in the Ohio Air National Guard, alleging intentional infliction of emotional distress and defamation. A United States Attorney certified that Hitzeman was acting in the scope of his employment at the time of the alleged tortious conduct, and the government removed the case to the United States District Court for the Southern District of Ohio pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2). The government then moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), claiming that the district court did not have subject matter jurisdiction because the United States could not be sued for defamation and Singleton had not exhausted his administrative remedies under the Federal Tort Claims Act for intentional infliction of emotional distress. In August of 2000, the district court granted the government's motion to dismiss, and Singleton timely appeals. For the following reasons, we **AFFIRM** the district court's grant of the United States' motion to dismiss.

In sum, Singleton produced neither evidence that demonstrated nor any indication that he could produce evidence that would demonstrate that Hitzeman was acting outside the scope of his employment at the time of the alleged tortious conduct. Singleton therefore failed to rebut the Attorney General's scope-of-employment certification, and we conclude that the United States properly substituted itself for Hitzeman as defendant under the Westfall Act.

### C. Motion to Dismiss

Once the district court concluded that the government had appropriately substituted itself for Hitzeman, the district court assessed whether it had subject matter jurisdiction to hear Singleton's claims against the United States. Pursuant to 28 U.S.C. § 1346(b)(1), the federal district courts have exclusive jurisdiction over civil actions involving claims against the United States subject to the provisions of the FTCA. The FTCA waives the sovereign immunity of the United States with respect to tort claims, providing that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, the FTCA excepts certain torts from this waiver of sovereign immunity, including libel and slander. 28 U.S.C. § 2680(h). And the FTCA also provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the plaintiff shall have first presented the claim to the appropriate Federal agency . . .

28 U.S.C. § 2675(a). Thus, we conclude that the district court correctly held that it did not have jurisdiction over Singleton's defamation claim. And although Singleton could have brought an intentional infliction of emotional distress claim against a private individual under Ohio law, *see Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983), he

reports against him, punished him for pursuing his legal rights, and leaked confidential information about him. Even if true, these actions appear to have been taken within Hitzeman's authority as Singleton's superior officer during the course of employment; no fact that Singleton alleges would sever the relationship between employer and employee.

Furthermore, between the time of the government's removal to district court and the district court's grant of the government's motion to dismiss, Singleton could have added to the allegations in his complaint, but he did not.[8] Singleton moved for and was granted leave to file an affidavit regarding the scope-of-employment certification in February of 2000, but he never filed such an affidavit. And although Singleton filed a discovery plan and memoranda with his motions for sanctions and to compel discovery, he never explained what facts he expected the deposition of Hitzeman to elicit. As we have held in regard to summary judgment, a district court need not allow additional discovery by the nonmoving party if the party does not explain how such discovery would rebut the movant's showing of the absence of a genuine issue of material fact. *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998); *Plott v. General Motors Corp.*, 71 F.3d 1190, 1197 (6th Cir. 1995), *cert. denied*, 517 U.S. 1157 (1996). Therefore, because Singleton did not allege any facts in his complaint or in subsequent filings that, if true, would demonstrate that Hitzeman was acting outside the scope of his employment and because he did not provide any explanation of what facts he expected to elicit from deposing Hitzeman, we conclude that the district court did not abuse its discretion in denying Singleton's motion to compel Hitzeman to attend his deposition.

---

[8]The government removed the case to the district court on September 21, 1999 and moved to dismiss on November 29, 1999. The district court did not grant the government's motion until August 16, 2000. In addition, the district court also granted three motions by Singleton to extend filing deadlines. J.A. at 2-3 (Docket Sheet; motions of September 28, 1999; November 15, 1999, and December 20, 1999).

## I. BACKGROUND

On August 25, 1999, James R. Singleton, a Captain in the Ohio Air National Guard, filed a complaint in the Court of Common Pleas of Montgomery County, Ohio against Thomas A. Hitzeman, then a Major in the Ohio Air National Guard, claiming intentional infliction of emotional distress and defamation.[1] In regard to the former claim, Singleton alleged that:

> For the last three years . . . Plaintiff was subject to a continuing pattern of ridicule, harassment and discrimination on the basis of his personality, his lifestyle, his job performance and other like areas of concern by Defendant. Defendant has further attempted to have Plaintiff removed from his job and cause the loss of full time employment by the filing of false and degrading reports; punishing Plaintiff for pursuing his legal rights; leaking confidential information in regards to Plaintiff to certain third parties and other like actions.

Joint Appendix ("J.A.") at 12 (Compl.). Singleton further contended that "Defendant's aforesaid conduct falls outside the scope of his official duties as it does not bear any reasonable relationship to and/or in connection with the duties and responsibilities of Defendant." J.A. at 12. In regard to the latter claim, Singleton alleged that "[o]n several and various occasions over the course of Plaintiff's said employment, Defendant made false and defamatory statements in regards to Plaintiff's military service, his personality, his lifestyle, his mental condition, his job

---

[1]Singleton previously filed a complaint against the United States Air Force for denying him a vacant position as a civil base engineer under the Federal Grievance Plan. The United States District Court for the Southern District of Ohio dismissed the claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), J.A. at 102-11, and we affirmed in an unpublished opinion, *Singleton v. U.S. Air Force*, No. 97-4209, 1999 WL 130784 (6th Cir. Jan. 20, 1999).

performance and other like areas of concern, all in the presence of certain other people." J.A. at 12.

On September 21, 1999, the United States substituted itself for Hitzeman as defendant and removed the case to the United States District Court for the Southern District of Ohio. Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), the United States may substitute itself as party defendant in civil suits against federal employees "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Pursuant to such certification, the government shall remove the case to federal district court. 28 U.S.C. § 2679(d)(2). Sharon J. Zealey, the United States Attorney,[2] certified that Hitzeman was acting in the scope of his employment at the time of the conduct alleged in Singleton's complaint, and the United States properly filed a notice of removal.

On November 29, 1999, the United States moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. At the same time, the government moved to stay all scheduling dates until the district court ruled on the motion to dismiss. Singleton moved on February 11, 2000 for leave to file an additional response, "a comprehensive affidavit setting forth information in opposition to Defendant's Scope Certification." J.A. at 141 (Pl.'s Mot. to File Additional Resp.). The district court granted Singleton's motion, but Singleton never filed such an affidavit. Singleton also moved, on February 17, 2000, to postpone a ruling on the motion to dismiss pending Singleton's deposition of Hitzeman. The district court overruled this motion, but the judge noted that the motion was "subject to renewal *if* [the]

---

[2] Under 28 C.F.R. § 15.3, the Attorney General has delegated to the United States Attorney the authority to provide § 2679(d) certification.

Singleton contends, however, that he attempted to produce evidence — but was thwarted by Hitzeman's refusal to attend his deposition and the district court's refusal to compel Hitzeman to attend his deposition. However, Singleton did not allege any facts in his complaint or in any subsequent filing, that, if true, would demonstrate that Hitzeman had been acting outside the scope of his employment. The Third Circuit has stated that "[p]ermitting additional discovery when the Attorney General's certification is not based on a different understanding of the facts than [that] reflected in [the] complaint would undermine the intent of the Westfall Act to protect federal employees from responding to state law tort claims." *Brumfield v. Sanders*, 232 F.3d 376, 380 (3rd Cir. 2000), *cert. denied*, 121 S.Ct. 1486 (2001). And we have held that although a district court may conduct an evidentiary hearing to determine whether certification is appropriate in a particular case, no hearing is needed "where even if the plaintiff's assertions were true, the complaint allegations establish that the employee was acting within the scope of his/her employment." *RMI*, 78 F.3d at 1143.

"Under Ohio law, an employee acts within the scope of employment if the employee acts within his authority during the course of employment even though acting intentionally or maliciously." *RMI*, 78 F.3d at 1143. "The scope of employment issue does not focus on the alleged wrongful nature of the employee's actions; rather, the issue is the actions complained of and whether those actions are so divergent that [their] very character severs the relationship of employer and employee." *Id*. at 1144 (citations omitted). Other than a general complaint of "a continuing pattern of ridicule, harassment and discrimination," the tortious conduct Singleton alleges in his complaint appears to have occurred within the scope of Hitzeman's employment. J.A. at 12 (Compl.).[7] Singleton claims that Hitzeman attempted to have Singleton removed from his job, filed false and degrading

---

[7] Singleton does state in his complaint that Hitzeman's conduct "falls outside the scope of his official duties." J.A. at 13 (Compl.). But this statement is merely conclusory.

(D.C. Cir. 1994), *cert. denied*, 515 U.S. 1145 (1995).[6] We review de novo both the district court's conclusions of law, *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996), and the district court's application of the law to the facts, *RMI*, 78 F.3d at 1135. We review decisions of the district court regarding discovery for abuse of discretion. *RMI*, 78 F.3d at 1143. "An abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999). And we review de novo a district court's grant of a motion to dismiss for lack of subject matter jurisdiction. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).

## B.  Certification and Substitution

We have held that "[t]he Attorney General's certification provides *prima facie* evidence that the employee was acting within the scope of employment." *RMI*, 78 F.3d at 1143. Thus, to contest the propriety of substitution, the plaintiff must produce evidence that demonstrates that the employee was not acting in the scope of employment. If the plaintiff produces such evidence, the government must then produce evidentiary support for its certification. We agree with the district court that Singleton failed to provide evidence from which we could reasonably find that Hitzeman was acting outside the scope of his employment at the time of the alleged tortious conduct.

---

[6] The rationale behind permitting the district court to resolve disputes of fact necessary to the determination of scope of employment is that "Congress, familiar as it clearly was with summary judgment practice, would not have worded § 2679(d)(3) as it did if it intended that substitution would be unavailable in all cases where a summary judgment on grounds of immunity would be inappropriate." *Melo*, 13 F.3d at 747. 28 U.S.C. § 2679(d)(3) provides that "[i]n the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting with the scope of his office or employment."

court determines factual issues prevent ruling on defendant's motion to dismiss." J.A. at 143 (Marginal Entry on Pl.'s Mot. to Postpone). After a failed attempt to depose Hitzeman in June of 2000,[3] Singleton moved in July of 2000 to extend the discovery cutoff date, for sanctions against Hitzeman for failure to attend his deposition, and to compel Hitzeman to appear for his deposition. The district court scheduled a conference call for August 16, 2000 regarding Singleton's motions to extend the discovery cutoff date and for sanctions.

On August 7, 2000, the district court denied as moot the government's motion to stay all scheduling dates, and on August 16, 2000, the district court granted the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The court explained that determining whether Hitzeman had acted in the scope of his employment was subject to review by the district court — the government's certification was not conclusive evidence. But the district court also explained that the government's certification was prima facie evidence that Hitzeman was acting in the scope of his employment and that Singleton had presented insufficient evidence to rebut the government's prima facie evidence. The court stated: "Plaintiff's response is inadequate, as a matter of law, to challenge the Attorney General's certification and the substitution of the United States as party-defendant. Accordingly, the Court concludes that there is no issue of material fact on whether Hitzeman acted within the scope of his employment." J.A. at 24 (Decision and Order Granting Def.'s Mot. to Dismiss). Having decided that the United States appropriately substituted itself for Hitzeman, the district court concluded

---

[3] The government refused to let Hitzeman be deposed by Singleton. In a letter to Singleton's counsel on June 21, 2000, Assistant U.S. Attorney Pamela M. Stanek wrote: "I cannot agree to set up the deposition, when the whole point of the case law that we have cited in our Motion to Dismiss is that the United States and its officials should not be required to expend the time and the resources necessary to defend this kind of action. . . . If the Judge does rule that factual issues need to be resolved, then I will be available for deposition in August . . . ." J.A. at 167 (Pl.'s Mot. to Compel Disc., Ex. A).

that Singleton's claims could not be heard in a district court under the Federal Tort Claims Act ("FTCA"). The court dismissed Singleton's defamation claim with prejudice pursuant to 28 U.S.C. § 2680(h), which lists libel and/or slander as an exception to the United States' general waiver of sovereign immunity in 28 U.S.C. § 2674. And the court dismissed Singleton's intentional infliction of emotional distress claim without prejudice; although such a claim can be brought under the FTCA, the district court found that Singleton had not exhausted his administrative remedies as required pursuant to 28 U.S.C. § 2675(a).

Singleton argues on appeal that the district court erred by (1) "conducting a factual review in connection with Appellees' [sic] motion to dismiss" and (2) "determining Appellee's motion to dismiss prior to the deposition of Hitzeman." Appellant's Br. at 10-11. According to Singleton, the government's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) was a facial attack on the district court's subject matter jurisdiction, and thus his complaint should have been sufficient evidence to defeat the government's motion to dismiss.[4] Singleton further claims that he did try to provide additional evidence through a deposition of Hitzeman. Because the district court denied his motion to postpone ruling on the government's motion to dismiss pending his deposition of Hitzeman and because the court did not rule on his motions to extend the discovery cutoff or to compel Hitzeman to attend his deposition, Singleton alleges that the

---

[4] Among motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), we have distinguished between facial and factual attacks. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). However, although he claims to challenge the government's motion to dismiss for lack of subject matter jurisdiction, Singleton really challenges the government's certification and substitution. As discussed below, Singleton does not contend that the district court had jurisdiction over the case if the government's scope-of-employment certification and substitution were proper; Singleton instead argues that the government's scope-of-employment certification and substitution were not proper.

court erred in dismissing his claims for want of evidence that Hitzeman was not acting in the scope of his employment.

## II. ANALYSIS

### A. Standard of Review

Under the Westfall Act, the "certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). The Supreme Court has held, though, that the Attorney General's scope-of-employment certification is subject to judicial review for purposes of substitution. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995); *see also Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir. 1990).[5] We have stated that "[w]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996). However, "when a district court is reviewing a certification question under the Westfall Act, it must identify and resolve disputed issues of fact necessary to its decision before entering its order." *Arthur v. United States*, 45 F.3d 292, 296 (9th Cir. 1995); *see also Heuton v. Anderson*, 75 F.3d 357, 361 (8th Cir. 1996); *Melo v. Hafer*, 13 F.3d 736, 747 (3rd Cir. 1994); *Kimbro v. Velten*, 30 F.3d 1501, 1509

---

[5] In other words, a plaintiff suing a federal employee may not challenge the government's removal of the case to federal court, but, once in federal court, the plaintiff may challenge the government's substitution of itself as defendant. If the district court finds that the federal employee was acting in the scope of employment and therefore that substitution of the United States as defendant is appropriate, it must assess the plaintiff's claims pursuant to the Federal Tort Claims Act (FTCA). If the district court finds that the federal employee was not acting in the scope of employment and therefore that substitution is inappropriate, the district court retains jurisdiction over the case and assesses the claims pursuant to state tort law. *Gutierrez*, 515 U.S. at 434-36 (plurality opinion).