**Billie M. MASSEY; George C. Massey, Plaintiffs–Appellants,**

v.

**BANK OF EDMONDSON COUNTY, and Directors; Dion W. Houchins; Gary S. Logsdon; Natty Bummpo; Monica Wheatley, U.S. Attorney; Michael F. Spalding, Assistant U.S. Attorney; Sue Austin; Jeffery Hall; Jacky Ott; Donald Dunn; Anthony Hollinsworth; Charles E. English;**

Keith Cardwell; Martha McCrady; Billy Hudson; Tim Aulbach; K. Harold Goff, II; United States of America, Defendants–Appellees.

No. 02–5358.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before SILER and DAUGHTREY, Circuit Judges; and ALDRICH, District Judge.*

*ORDER*

Billie M. Massey and Georgie C. Massey appeal pro se from the district court's dismissal of an action, in which they attempted to appeal a bankruptcy decision and sought relief under numerous federal statutes as well as Kentucky state law. Their appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The Masseys primarily alleged that their rights had been violated during various debt-collection, bankruptcy, and foreclosure proceedings regarding the sale of their farm. They sued seven "federal defendants," including employees of the Farm Services Agency ("FSA") and the United States Attorney's office. They also sued ten "non-federal defendants," including a local bank and its vice president, four private attorneys, a master commissioner, and three private parties who were involved in the disputed proceedings. The district court granted a motion to substitute the United States for the federal defendants and dismissed the case on February 27, 2002. It is from this judgment that the Masseys now appeal. A *de novo* review of the record shows that dismissal was appropriate because they did not allege a cognizable claim. *See* Fed.R.Civ.P. 12(b)(6).

The district court construed the complaint as seeking an appeal in the Masseys' bankruptcy case. However, the court properly found that this type of relief was not available, as they had not filed a timely and appropriate notice of appeal from the bankruptcy court's decision or paid the filing fee that is required for such an appeal. *See* Fed. R. Bankr.P. 8001–8002.

The Masseys initially raised a claim under the Financial Privacy Act of 1978, 12 U.S.C. § 3403, but later admitted that they did not have such a claim. Thus, the district court properly dismissed their § 3403 claim. *See United States v. Mick,* 263 F.3d 553, 567 (6th Cir.2001).

The Masseys reasserted this claim under the Privacy Act, 5 U.S.C. § 552a. The district court properly rejected this claim because it could only be brought against an agency and not against any of the individual defendants who had been sued. *See Windsor v. The Tennessean,* 719 F.2d 155, 160 (6th Cir.1983). The Masseys now argue that they have a Privacy Act claim against the FSA. This argument is unavailing because the court also properly held that any Privacy Act claim would be barred by the applicable two-year statute of limitations and the Masseys have not presented any persuasive grounds for tolling the limitations period. *See* 5 U.S.C. § 552a(g)(5).

The district court considered several of the Masseys' claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

§§ 2671–2680, as the United States had been substituted for the individual federal defendants. The court properly dismissed these claims because the Masseys did not show that they had exhausted all of their administrative remedies. *See* 28 U.S.C. § 2675(a); *Singleton v. United States,* 277 F.3d 864, 872–73 (6th Cir.2002). The Masseys now argue that the United States should not have been substituted for the individual defendants. However, substitution was appropriate because the Masseys did not effectively rebut a certification by the United States Attorney, which indicated that their claims involved activities that were within the scope of the defendants' federal employment. *See Singleton,* 277 F.3d at 870–71.

The Masseys argue that they satisfied the exhaustion requirement by objecting to the United States' motion for substitution. This argument fails because they did not show that they had filed a claim with the administrative agency as required by § 2675(a). *See id.* at 872–73. Moreover, they do not dispute the district court's finding that their claims fell within the ambit of 28 U.S.C. § 2680(h), which provides that the FTCA does not apply to claims of "malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

The Masseys initially alleged that the defendants had violated several criminal statutes, including 18 U.S.C. §§ 152, 1001 and 3571. However, the district court properly found that these statutes do not provide for a private cause of action. *See Thompson v. Thompson,* 484 U.S. 174, 179–80, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988). The Masseys now assert that they did not intend to bring a private cause of action under the cited statutes. Thus, they have abandoned any civil claims that they may have initially intended based on the alleged criminal violations. *See Mick,* 263 F.3d at 567.

The Masseys also alleged that the defendants willfully violated an automatic stay in their bankruptcy proceedings. The district court properly held that it did not have jurisdiction to review this claim. *See Eastern Equipment and Servs. Corp. v. Factory Point Nat'l Bank,* 236 F.3d 117, 121 (2d Cir.2001). The Masseys apparently argue that the claim was meant to be an appeal of the bankruptcy court's judgment. However, they did not satisfy the requirements for filing such an appeal. *See* Fed. R. Bankr.P. 8001–8002.

Finally, the Masseys raised several civil rights claims under 42 U.S.C. §§ 1983 and 2000h–1. The district court properly dismissed these claims because they were lacking in merit and because the relevant defendants were not state actors who might be liable under § 1983. It also declined to exercise supplemental jurisdiction over any of the claims that the Masseys had raised under state law. The Masseys' initial brief does not raise a clear challenge to these rulings. Thus, they have abandoned these claims for purposes of appellate review. *See Mick,* 263 F.3d at 567.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.