James THOMAS, Jr., Plaintiff–
Appellant,

v.

CITY OF CLEVELAND, et al.,
Defendants–Appellees.

No. 01–3064.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH, District Judge.*

PER CURIAM.

Plaintiff, James Thomas, Jr., appeals from the grant of summary judgment in favor of defendant, the City of Cleveland (City), and the judgment after a jury trial in favor of defendants. Cynthia Hall and Rhonda Gray. Many of the issues raised by plaintiff, proceeding *pro se*, are not sufficiently developed to permit this court to respond.[1] We have identified the following issues for review: (1) whether the district court erred in refusing to extend or compel discovery and in quashing a subpoena; (2) whether the district court erred in granting summary judgment to the City; (3) whether the district judge erred in refusing to disqualify himself; (4) whether plaintiff was denied a fair trial by the district judge's conduct; and (5) whether the verdict was against the manifest

---

\* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

1. Plaintiff also has not filed a joint appendix in compliance with Fed. R.App. P. 30.

weight of the evidence. After reviewing the arguments, the record, and the applicable law, we affirm.

## I.

Plaintiff was involved in an automobile accident in Cleveland, Ohio. Defendant Hall, a police officer for the City, responded to the accident. A second police officer, defendant Gray, and a supervisor, Lieutenant James Oryl, were subsequently called to the scene. While the plaintiff's and the officers' descriptions of what occurred that day differed dramatically, there was agreement that plaintiff did not produce a driver's license when asked by Officer Hall. Plaintiff claimed that he was verbally abused, patted down for weapons, physically assaulted, and illegally arrested by the officers. The officers testified that plaintiff was arrested for driving without a license and aggravated disorderly conduct after he refused to cooperate in the investigation of the accident and verbally and physically threatened the officers.

Plaintiff thereafter brought this action alleging violations of his civil rights under 42 U.S.C. § 1983 and several state law claims. The district court granted summary judgment to the City finding that plaintiff had produced no evidence which would indicate that any policy or the City's training of its police officers was constitutionally inadequate.[2] A jury trial was held on the remaining issues against the two police officers: the federal claim of illegal arrest and the state law claims of assault and battery, false arrest, and false imprisonment. The district court granted judgment as a matter of law to the police officers on the federal claim, and the jury returned a verdict on the state law claims in favor of the police officers. This appeal followed.

## II.

### A. Discovery Challenges

We review a district court's decisions on discovery for abuse of discretion. *Singleton v. United* States, 277 F.3d 864, 870 (6th Cir.2002). The decision to quash a subpoena is also within the sound discretion of the district court. *Ghandi v. Police Dept.*, 747 F.2d 338, 354 (6th Cir.1984).

■ The district court granted plaintiff two extensions of the discovery cutoff date after he represented that he was about to retain an attorney to assist him in responding to defendants' discovery requests. He now challenges the denial of the third request for an extension. We find no abuse of discretion because the district court granted two extensions totaling 120 days and, after the second extension, warned plaintiff that no further extensions would be granted.

■ Plaintiff also challenges the denial of his motion to compel answers to discovery and the quashing of his subpoena served on the City the day before the trial. Plaintiff subpoenaed the same records sought in discovery. It was not an abuse of discretion to deny the motion to compel or to quash the subpoena where the discovery was sought and the subpoena was served after the twice-extended discovery deadline. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995).

### B. Summary Judgment

We review *de novo* the district court's grant of summary judgment. *See, e.g., Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is

---

**2.** The district court also granted summary judgment on a federal illegal seizure claim and a state intentional infliction of emotional distress claim against the police officers. Plaintiff does not challenge these decisions on appeal.

entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ Plaintiff's claims against the City were based on its employment of the police officers. A city is responsible for a constitutional violation committed by its employee if the plaintiff shows that a municipal custom or policy caused the alleged violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In this case, summary judgment was proper because the plaintiff did not produce any evidence of a custom or policy that was the cause of the alleged constitutional deprivations.

C. Disqualification of District Judge

■ We review the denial of a motion to recuse for abuse of discretion. *United States v. Hartsel*, 199 F.3d 812, 815 (6th Cir.1999). Plaintiff's motion was based on "potential areas of conflict of interest due to police and city involvement." Plaintiff pointed to the fact that the district judge had served in the Marines, been an assistant prosecuting attorney and judge on the Ohio Court of Common Pleas, and participated in various *pro bono* activities. None of this demonstrated a personal bias against plaintiff, nor did it present a conflict of interest that would prevent the district judge from presiding over the trial. *See Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir.1990). The district court did not abuse its discretion in denying the motion.

D. Denial of Fair Trial

■ Plaintiff argues that the district judge's comments demonstrated hostility towards him, and denied him a fair trial. In one instance, the district judge admonished plaintiff not to make faces, and warned plaintiff that he was facing a fine or "time" after plaintiff made the same objection four times in a row and continued to argue about the judge's decision to overrule the objection.

A trial judge in federal court must rule upon objections and conduct the trial in an orderly way with a view to eliciting the truth and attaining justice between the parties. *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir.1956). When a judge's remarks or handling of a trial clearly demonstrates a hostility to one of the parties, the judge may indicate, whether consciously or not, a personal bias and prejudice which renders the resulting judgment invalid. *Id.*

■ While it is apparent that the district judge expressed his displeasure over plaintiff's actions in continually objecting and arguing with the court's rulings, a review of the entire record shows that plaintiff was not denied a fair trial. It is apparent that the district judge was attempting to maintain order and move the case along. Plaintiff has not shown that the district court's comments were so pervasive as to show bias or prejudice.[3]

Moreover, the district court specifically instructed the jury not to draw any inferences from any acts or comments made by the court:

> You will draw no inference of any kind from the manner in which the Court has

---

**3.** Plaintiff also argues the district court caused prejudice by refusing to ask his proposed questions on *voir dire*. The content and conduct of *voir dire* questioning is committed

to the district court's sound discretion. *Eisenhauer v. Burger*, 29 Ohio Misc. 138, 431 F.2d 833, 836 (6th Cir.1970). In this case, the district court conducted the *voir dire*.

ruled on any question of law, nor will you, because of any expression or other act of the Court, infer the Court entertains any notion whatsoever as to the facts of this case.

The Court must not, and therefore does not, seek to invade the province of the jury in determining the issues which the jury is called upon to decide.

Insofar as you are concerned, the Court has no opinion on the matters which it is the jury's responsibility to decide.

To the extent there was any prejudice arising from the district court's comments or actions, it was cured by the court's instruction to the jury. *See Holmes v. City of Massillon,* 78 F.3d 1041, 1046–47 (6th Cir.1996). A jury will be presumed to have followed instructions correctly as given. *Conwood Co. v. U.S. Tobacco Co.,* 290 F.3d 768, 794 (6th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 876, 154 L.Ed.2d 850 (2003).

E. Manifest Weight of the Evidence

 On appeal, plaintiff argues that the verdict was against the manifest weight of the evidence, but he did not move for a judgment as a matter of law or new trial. He argues he did not do so because the district court did not inform him of this requirement. The Supreme Court in *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), stated that the pleadings of *pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers. The courts, however, have no duty to educate or train *pro se* litigants on the law or the procedure for preserving issues for appeal. Because the district court was not given the opportunity to correct any errors that might have occurred during the trial, plaintiff did not preserve his right to challenge the sufficiency of the evidence in support of the verdict on appeal. *See Young v. Langley,* 793 F.2d 792, 794 (6th Cir.1986). In any event, our review of the record establishes that the verdict is supported by the weight of the evidence.[4]

---

When asked whether he had any questions not asked by the court on *voir dire* plaintiff responded "No, just that they would be fair, that's it." Based on this record, we can find no abuse of discretion or prejudice to plaintiff. Plaintiff also claims he was prejudiced by a story used by the district judge to explain bias to the jury on *voir dire.* Plaintiff claims the story inferred that his brother's testimony was false or fraudulent. Our review of the record shows absolutely no merit to this argument.

**4.** Plaintiff also claims that the district court did not instruct the jury on the elements of disorderly conduct. The district court, however, did so instruct the jury; and plaintiff raised no objections to the instructions before the jury was sent into deliberations.