FILED
United States Court of Appeals
Tenth Circuit

August 9, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CINDY H. SANDOVAL,

        Plaintiff-Appellee,

v.

ANNA MARTINEZ-BARNISH,

        Defendant-Appellant.

---

UNITED STATES OF AMERICA,

        Interested Party-
        Appellant.

Nos. 10-1518 & 10-1520
(D.C. No. 1:09-CV-02434-REB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit
Judges.

---

Plaintiff Cindy Sandoval filed an action in state court against defendant

Anna Martinez-Barnish, alleging assault, battery, extreme and outrageous

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conduct, and intentional interference with contractual relations. The allegations arose out of an incident that occurred while Ms. Sandoval was a contract employee for Navarro Research and Engineering, Inc. ("Navarro"). She was assigned to process requests under the Freedom of Information Act ("FOIA") at the United States Department of Energy's field office in Golden, Colorado ("GFO"). Ms. Martinez-Barnish was the GFO's Public Affairs Specialist and FOIA/Privacy Act Officer at the time of the alleged incident. She was responsible for Ms. Sandoval's daily assignments and for overseeing Ms. Sandoval's work.

After Ms. Sandoval filed her complaint, the United States removed the case to federal court.[1] The government then certified that Ms. Martinez-Barnish was acting within the scope of her employment when she committed the alleged torts and moved to substitute the United States as sole defendant under the Westfall Act, 28 U.S.C. § 2679. Ms. Sandoval filed a response to the motion to substitute, arguing that it should be denied because Ms. Martinez-Barnish was not acting within the scope of her employment at the time of the alleged torts. The magistrate judge held a hearing on the motion and then entered a recommendation that the motion be denied. The district court considered objections from the

---

[1] Ms. Sandoval initially included the Department of Energy ("DOE") as a defendant, but she later moved to voluntarily dismiss the DOE as a party and amended her complaint to assert claims against Ms. Martinez-Barnish alone.

United States and Ms. Martinez-Barnish and then entered an order adopting the magistrate judge's recommendation and denying the motion to substitute. The government appealed from the denial of the motion to substitute (case no. 10-1518), as did Ms. Martinez-Barnish (case no. 10-1520).[2] Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's decision.[3]

Factual Background

During the week of July 13, 2009, Ms. Sandoval reported to Ms. Martinez-Barnish that she was being bitten by flying ants. Ms. Martinez-Barnish reported this problem to her superior, Christopher Powers and to the DOE. She also provided the DOE with a flying ant that she had captured in a plastic bag.

On the morning of July 21, 2009, Ms. Sandoval called Ms. Martinez-Barnish from her work area and told her that she had received additional flying ant bites and that the bites were red. Ms. Martinez-Barnish told Human Resources management and the DOE facilities manager to move Ms. Sandoval's workspace. Ms. Martinez-Barnish then suggested to Ms. Sandoval that she should go see a doctor and go home. Ms. Sandoval told

_____

[2]    The two appeals were consolidated for briefing purposes.

[3]    The Supreme Court has explained that the district court's denial of certification and substitution under the Westfall Act is covered under the collateral order doctrine and "qualifies as a reviewable final decision within the compass of 28 U.S.C. § 1291." *Osborn v. Haley*, 549 U.S. 225, 238 (2007).

-3-

Ms. Martinez-Barnish that she could not go home because she had used all of her available sick leave.  In response, Ms. Martinez-Barnish testified that she

> suggested to [Ms. Sandoval] that she might think about wanting [to] file a claim for lost wages with– against Denver West properties and that if she wanted credible testimony that I would be glad to help her, that we should look at these bites, and I suggested to her that I would contact Ms. Shirley Contreras, who was the supervisor and lead for Navarro at that time, and get her to come down and bear witness as well.

Aplt. App. at 102-03.

Ms. Martinez-Barnish then asked Ms. Sandoval to join her and another female employee, Shirley Contreras, in the bathroom.  The three women went into the handicapped bathroom stall and, at the request of Ms. Martinez-Barnish, Ms. Sandoval showed both women the bite marks on her arm, legs, and inner thigh.  Ms. Martinez-Barnish asked Ms. Sandoval to remove her blouse and pants to show the bite marks and Ms. Sandoval complied with this request. Ms. Martinez-Barnish also pulled down on the elastic part of Ms. Sandoval's panties from her back/posterior side to see the bite marks.  Ms. Martinez-Barnish and Ms. Contreras observed that Ms. Sandoval had multiple red bite marks on her body.

Based on this incident, Ms. Sandoval filed a complaint against Ms. Martinez-Barnish asserting claims of assault, battery, extreme and outrageous conduct, and intentional interference with contractual relations.

Discussion

Under 28 U.S.C. § 2679(b)(1), a suit against the United States is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful actions of federal employees taken within the scope of their employment. The United States and Ms. Martinez-Barnish contend that the district court erred in denying the government's motion to substitute because Ms. Sandoval's claims against Ms. Martinez-Barnish involve actions taken by Ms. Martinez-Barnish within the scope of her employment as an employee of the United States. We review de novo the district court's determination that Ms. Martinez-Barnish was not acting within the scope of her employment when she committed the alleged torts. *See*, *e.g.*, *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002); *Maron v. United States*, 126 F.3d 317, 326 n.8 (4th Cir. 1997).

For the purposes of this case, "scope of employment" is defined by the *respondeat superior* law of the state where the incident occurred. *Richman v. Straley*, 48 F.3d 1139, 1145 (10th Cir. 1995). Under Colorado law, "[a]n employee is acting within the scope of his employment if he is doing the work assigned to him by his employer, or what is necessarily incidental to that work, or customary in the employer's business." *Moses v. Diocese of Colo.*, 863 P.2d 310, 330 (Colo. 1993). "Although the commission of an intentional tort may sometimes be within the scope of employment, the agent's intent in committing

-5-

the tortious act must be to further the employer's business." *Id*. at 330 n.27. "[I]f an employee commits an intentional tort solely for reasons that do not further his employer's business or cannot be considered a natural incident of employment, the employer cannot be vicariously liable." *Id*.

Ms. Martinez-Barnish was not doing work assigned to her, work that was incidental to her employment, or work that was customary in her business when she conducted a physical examination of Ms. Sandoval. Christopher Powers, Ms. Martinez-Barnish's supervisor, testified that Ms. Martinez-Barnish's physical examination of Ms. Sandoval was not authorized and was not appropriate. Ms. Martinez-Barnish had discharged any duty to her employer to report unsafe workplace conditions when she notified DOE and Mr. Powers about the flying ant problem on July 13, even going so far as to provide them with a flying ant that she had captured in a plastic bag. In addition, Ms. Martinez-Barnish had fulfilled any responsibility to make it possible for Ms. Sandoval to continue working by moving Ms. Sandoval to a different workspace.

The government claims, however, that the district court did not properly consider evidence of Ms. Martinez-Barnish's intent. The government asserts that Ms. Martinez-Barnish's "undisputed testimony . . . compels the conclusion that her intent in conducting the physical exam of plaintiff was to further the agency's interest in resolving a serious and ongoing workplace safety and personnel issue at a U.S. Government worksite." Aplt. Br. at 21. We disagree

-6-

with the government's characterization of Ms. Martinez-Barnish's testimony. She testified: "My intent was to *help a co-worker and friend* with a situation that was not– that appeared to us not being resolved." Aplt. App. at 106-07 (emphasis added). She further explained that she felt it was her duty to conduct the physical examination because Ms. Sandoval "needed assistance with the situation, and it cost her sick leave and probably money in the long run, so it was to provide credible testimony in the event that she wanted to pursue the situation further." *Id*. at 109.

According to the evidence, Ms. Martinez-Barnish's intent in conducting the physical examination was for the benefit of Ms. Sandoval because Ms. Martinez-Barnish wanted to be able to provide credible testimony to assist Ms. Sandoval in making a claim for lost wages. Although Ms. Martinez-Barnish's ultimate purpose in conducting the physical examination could have been benevolent, that benevolence would not have been any benefit to the DOE. Because Ms. Martinez-Barnish did not commit the alleged torts to "further [her] employer's business," *Moses*, 863 P.2d at 330 n.27, the district court properly concluded that she was not acting within the scope of her employment when she conducted a physical examination of Ms. Sandoval.

Accordingly, we affirm the district court's decision to deny the government's motion to substitute.

Entered for the Court


John C. Porfilio
Senior Circuit Judge