## HALL GROCERY COMPANY v. R. L. WALL.

Western Section. October 24, 1930.

Petition for Certiorari denied by Supreme Court, February 21, 1931.

Waldrop & Hall and N. R. Barham, all of Jackson, for plaintiff in error.

Hu C. Anderson and David P. Murray, both of Jackson, for defendant in error.

WARDLAW STEELE, Sp. J. We shall refer to the parties according to their status in the lower court—to appellee, R. L. Wall, as plaintiff and to appellant, Hall Grocery Co., as defendant.

This is an appeal in the nature of a writ of error by the defendant, Hall Grocery Co., from a judgment on a jury verdict in an action for damages for personal injuries, alleged to have been sustained by plaintiff as the result of the negligence of the defendant in a collision between the automobile of plaintiff and a motor truck of defendant, which occurred at the intersection of two streets in the city of Jackson, Tennessee.

At the conclusion of the evidence of plaintiff, the defendant moved the court for a peremptory instruction in its favor, which motion was overruled. At the conclusion of all of the evidence the motion

for a peremptory instruction was renewed by defendant and was likewise overruled by the lower court, and to the action of the court in so ruling, the defendant excepted.

The first count of the declaration averred common law negligence, alleging that the personal injuries sustained by plaintiff were the result of the negligent operation, by the servant of defendant, of its motor truck, causing the collision with plaintiff's automobile.

The second count of the declaration alleged the violation of an ordinance of the city of Jackson.

To the declaration, and the several counts thereof, the defendant interposed pleas of not guilty, and of contributory negligence on the part of plaintiff.

The trial of the case resulted in a jury verdict and a judgment of two hundred and fifty ($250) dollars. A motion for a new trial was made and overruled. From the action of the court in overruling the motion for a new trial and in rendering a judgment on the verdict of the jury as above stated, defendant has appealed to this court, and has assigned numerous errors.

The first assignment of error goes to the action of the court below in failing to grant the motion of defendant for a directed verdict upon the ground that the driver of the truck was not at the time of the accident and injury to plaintiff engaged in the performance of any business or duty for the defendant, and that the uncontroverted evidence was that the truck was being used at the time of the accident by the driver for his own use exclusively.

The second, third, and fourth assignments of error go to the action of the court below in failing and refusing to charge the jury defendant's special requests numbers 1, 2, and 7 and all of which said requests were to the effect that if the driver of defendant's truck was at the time of the accident using the truck for his own use exclusively and was not engaged in the performance of any business or duty for the defendant, that the defendant would not be liable for his acts and negligence, and that the burden of proof was upon the plaintiff to show, by a preponderance of the evidence, that at the time of the accident, the driver of defendant's truck was engaged upon business for the defendant.

The fifth assignment of error goes to the action of the court in charging the jury in effect that the defendant was liable for any negligent acts of the driver of its truck at the time of the accident.

The first five assignments of error will be considered and disposed of together as they present but one question and that is, was the driver of defendant's truck at the time of the accident and injury complained of, acting within the scope of his employment.

Counsel for defendant, in their brief, concede that said assignments of error raise the single question, as stated above.

In disposing of said assignments of error, it is necessary to state the material evidence relative to the question of whether or not, at the time of the accident, the servant driving the automobile truck was acting in or about his master's business or was engaged on an independent enterprise of his own, wholly disconnected from his master's business, and not within the scope of his authority or was using the truck, at the time of the accident, as an incident to his employment.

The uncontroverted facts, as we understand the record in this case, upon this question, are as follows:

The defendant, Hall Grocery Company, was engaged in the wholesale grocery business in the city of Jackson and at the date of the collision, owned several motor trucks, among others, the Ford truck that was involved in the collision with the automobile of plaintiff. These trucks were used by defendant in the delivery of groceries to its customers in and near the city of Jackson. The driver of the Ford truck in question, one Mr. Kirkman, was employed by the defendant, at the time of the collision, to drive said Ford truck and to deliver goods from the wholesale house of defendant to its customers.

Late in the afternoon of December 3, 1928, the said driver left the place of business of defendant with said truck loaded with groceries and with the purpose of delivering the same to the purchasers thereof. The last order that he was to deliver of that load was to a cutomer who operates a store at Englewood some two or three miles north of Jackson, on the Humboldt highway, and this was the last delivery to be made by said truck driver on that day. After making the delivery at Englewood, the driver, Kirkman, turned his truck south toward Jackson, along the Humboldt highway and on to and along Highland Avenue, in the city of Jackson, until he reached the point where Arlington Avenue intersects the same. When he reached Arlington Avenue he turned west on said Avenue, in the direction of his home in the western part of the city of Jackson and proceeded west on Arlington Avenue until he reached the intersection of Arlington Avenue and Campbell Street, where the collision occurred. The driver of the truck, Mr. Kirkman, testified that his hours of work were from seven o'clock in the morning until six o'clock in the evening. That the accident occurred at 5:50 P. M., and that at the time of the accident he was going to his home where he intended to keep the truck until the following morning, when he returned to work. That he had been employed by the defendant as truck driver for eighteen months and that during that time, when he had made his last delivery of groceries for the day, that he carried the truck home with him instead of returning the truck to the place of business of the defendant and that this was

uniformly done by him during the time that he was employed by the defendant and that the defendant knew that he usually carried the truck home with him at night and made no objection to him doing so.

Mr. B. F. Hall, the Vice-President of Hall Grocery Co., testified as a witness for the defendant, and is the only official of the company who was introduced as a witness. He does not deny that it had been the custom of the driver, Kirkman, after he had made his last delivery for the day to carry the truck home with him at night and does not deny that he had knowledge of this fact, nor does he claim that any objection was made to it by the company.

It is insisted by counsel for defendant that upon the facts as above stated that the driver of the truck was on a mission solely his own and was not acting within the scope of his employment, at the time of the accident and that therefore the defendant is not responsible for the alleged negligence of the truck driver. In support of this contention, counsel cites Core v. Resha, 140 Tenn., 412-13. Goodman v. Wilson, 129 Tenn., 464; Frank v. Wright, 140 Tenn., 541; Bell v. Meister Tire Company, Memorandum Opinion, Court of Civil Appeals.

In Frank v. Wright, supra, page 539, the Supreme Court quotes from Labatt in 6 Master & Serv., section 2281a as follows:

"A servant may be presumed prima-facie to have been acting in the course of his employment, wherever it appears, not only that his master was owner of the given instrumentality, but also that, at the time when the alleged tort was committed, it was being used under conditions resembling those which normally attended its use in connection with its use in the master's business."

In Core v. Resha, supra, page 412, the Supreme Court, after quoting from Goodman v. Wilson, supra, as to the basis of the common-law liability of an employer for negligence of its chauffeur, to the effect that the liability is to be tested by the rules governing master and servant, says:

"This is in line with the overwhelming weight of authority in this country, which is to the effect that, if a chauffeur used a car wholly in a service not the owner's, either with or without the owner's permission, the latter is not liable to one injured by reason of a negligent operation of the car, for the reason that he is not, in such use, acting within the scope of employment in the owner's business.

We are of the opinion that, under the uncontroverted facts as testified to by witnesses for defendant that, at the time of the collision, the automobile truck of the defendant was being used by its servant under conditions which normally attended its use in the master's business. And that at the time of the collision, the servant of the defendant was not using the automobile truck wholly in a

service not the owners. On the other hand, we think it clearly appears, from the uncontroverted evidence, that at the time of the accident the driver of the truck was acting within the scope of his employment and that in driving the truck to his home, he was doing so as an incident to his employment as had been his custom for a period of eighteen months prior to the accident.

In our opinion, the uncontroverted proof does not show that the driver of the truck, at the time of the accident was using the truck wholly for his own use and benefit. It was necessary, after the goods had been delivered, for the driver of the truck to return the truck to the place where it was usually kept and stored for the night. It appears uncontradicted that, with the knowledge of defendant and without objection, the driver of this particular truck had from time to time, after making the last delivery of the day, carried the truck to his home for safe keeping over night and in doing so was performing a duty for his master and not using the truck for his own benefit, but as an incident to his employment.

We find no proof in the record that the truck driver was directed to store the truck at defendant's place of business, at night. On the other hand, it appears undisputed, that he had uniformly kept this truck at his home each night, with defendant's knowledge and without objection and at least with its implied consent and therefore as an incident to his employment.

"In determining the scope of employment, the test of the master's liability is not the motive of the servant, but whether that which he did was something his employment contemplated, and something which if he should do it lawfully he might do in his employer's name. Diehl & Lord v. Ottenville, 14 Lea, 197."

> "No hard and fast rule can be formulated by which it can be determined whether in a given case the driver of a motor vehicle is acting within the scope of his employment, but the question must be determined upon a consideration of the attending facts and circumstances and the presumptions and inferences therefrom. The driver may be acting in the scope of his employment, although he has no specific instructions to do the particular act involved, or to make the particular trip involved, or although he had deviated from his instructions; the act need not have been necessary to the performance of the employee's duties, and it need not have been expressly authorized by the owner or known to him, and it may even have been disproved or forbidden. However a servant cannot be regarded as acting within the scope of of his employment when, not being in the employment for that purpose, he uses a motor vehicle without the knowledge or consent of its owner, particularly where he does so against the owner's express instructions, or where he uses the vehicle for

purposes other than the owner's and contrary to his express instructions." 42 C. J., 1102-1104, sec. 862; 18 R. C. L., 795, sec. 254."

The case of Bell v. Meister Tire Co., Mem. Opinion, Court of Civil Appeals, relied upon by counsel for defendant, can be easily distinguished from the instant case. In the Meister case, the chauffeur was violating express instructions of his master. Yellow Cab Co. v. Bailey, 5 Tenn. App. Rep., 354.

The first five assignments of error are accordingly overruled.

The sixth assignment of error goes to the action of the court in failing to grant the motion of defendant for a directed verdict, upon the ground that all of the material evidence for both plaintiff and defendant showed that the plaintiff was guilty of contributory negligence, which contributed to the causes producing the accident.

The seventh, eighth, and ninth, assignments of error go to the action of the court in refusing to charge the jury, defendant's special requests, numbered 4, 5, and 6 and all of which were directed to the question of plaintiff's contributory negligence.

It is insisted by counsel for defendant that these four assignments of error present but one question and that is, was the plaintiff guilty of contributory negligence and did this negligence contribute as one of the proximate causes of the injury.

We cannot agree with the contention of learned counsel for the defendant that all of the material evidence for both plaintiff and defendant showed that plaintiff was guilty of contributory negligence, which was one of the proximate causes of the injury.

In the case of Collins v. Desmond, 1 Tenn. App., 54, the rule with reference to the question of contributory negligence is stated as follows:

"The question of contributory negligence, as well as the question of negligence, is ordinarily for the jury. Even though the facts be undisputed as to whether, under circumstances conceded, the conduct of a plaintiff was that of an ordinarily prudent man, the matter should be left to the jury. The court should draw no inference when in doubt, but only in those cases where the evidence is without material conflict, and such that all reasonable men must reach the same conclusion therefrom. It is only in cases where the evidence is susceptible of no other fair inference that the court is justified in instructing the jury, as a matter of law, that the plaintiff has been guilty of contributory negligence which would bar his recovery."

There was decided conflict in the evidence, both on the question of the negligence of the defendant and the plaintiff.

We think that the Court below very fairly, accurately, and properly instructed the jury on the plea of contributory negligence.

When taken as a whole, we are of the opinion that the learned trial judge delivered a most excellent charge on all phases of the case and submitted the controverted questions of fact for the determination of the jury.

.We quote from the charge of the court below as follows:

"The contention of the defendant in this case is, that the driver of the truck was traveling west on Arlington and approaching the intersection of that street with Campbell Street, and that he looked to the left and also right, and didn't see an automobile approaching from either direction, and he could not have seen it by the exercise of ordinary care and prudence, and thereupon he entered upon the crossing, and that the driver of the automobile belonging to the plaintiff negligently drove the automobile into the truck and that any injury that the plaintiff may have suffered was caused by the act of negligence upon the part of the driver of the plaintiff's automobile—at least that it contributed to the collision between the cars; that if you find the facts to be that way, or if the evidence equally balances as to whether those facts are true, or not, the plaintiff could not recover and your verdict should be for the defendant.

"If you find in this case the driver of the truck was negligent and you also find the driver of plaintiff's automobile was negligent, and the negligence of the two parties combined produced the accident and brought about the injury to plaintiff, then the plaintiff could not recover and your verdict should be for the defendant."

We think it was proper for the trial judge to submit to the jury the question of whether or not the plaintiff, or the driver of the automobile in which plaintiff was riding, was guilty of contributory negligence because there was a conflict in the evidence as to this question and there was a controverted question of fact, under the proof, as to whether or not the plaintiff was guilty of contributory negligence and therefore it was not proper for the trial judge to direct a verdict on the motion of defendant on this question. We think that the trial judge fairly submitted this question for the determination of the jury in his general charge and that he properly refused to give the special requests of defendant upon the question of contributory negligence, because he had already clearly charged the law with reference thereto in his general charge.

The sixth, seventh, eighth, and ninth assignments of error are accordingly overruled.

The tenth assignment of error is to the effect that the verdict or judgment is contrary to the weight of the evidence and that there is no evidence to support the verdict.

Under the settled rule in this State, it is not within the province of an appellate court to review the evidence to determine the preponderance, or to ascertain whether the evidence preponderates for

or against the verdict of the jury. If there is any material evidence to support the verdict concurred in by the trial judge, the judgment must be affirmed. As already pointed out there was a decided conflict in the evidence, on the question of the negligence of the defendant, and the negligence of the plaintiff. There was some evidence to support the conclusion reached by the jury,. that the defendant was guilty of negligence entitling the plaintiff to recover for the injury sustained. The plaintiff and his wife, who was driving the car and the witness, Mrs. Lancaster, who was riding in plaintiff's car at the time of the accident, all testified that plaintiff's car entered the intersection of said two streets first and that said car had reached the north margin of Arlington Avenue when the defendant's truck was driven into the said intersection and upon and against the plaintiff's car. There was other evidence of the negligence of the driver of the defendant's truck. There was also evidence showing the injuries sustained by the plaintiff as a result of the accident. It follows therefore that the tenth assignment of error is overruled.

All assignments of error are overruled and the judgment of the lower court is affirmed. Appellant and surety on the appeal bond will pay the costs of this appeal.

Senter and Heiskell, JJ., concur.