NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0501n.06
Filed: July 17, 2007

No. 06-2428

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEFFREY RECTOR | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| UNITED STATES OF AMERICA, | | **M E M O R A N D U M** |
| | | **O P I N I O N** |
| Defendant-Appellee. | | |

BEFORE:    KENNEDY, GIBBONS, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**   Jeffrey Rector appeals from a decision dismissing his defamation and invasion of privacy claims against three National Guardsmen. Although originally brought against the individual National Guardsmen in state court, the action was removed to federal district court and the United States was substituted as party-defendant under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S. § 2679 (the "Westfall Act"). The district court dismissed the suit for lack of subject-matter jurisdiction.

On appeal, Rector argues that the three National Guardsmen were acting outside the scope of their employment and, therefore, the district court should not have substituted the United States as party-defendant and dismissed his lawsuit. For the reasons set forth below, we affirm dismissal.

**I**

Rector was a civilian employee of the Military Personnel Services Corporation who was selected to coordinate the Military Funeral Honors Program (the "MFHP") in Michigan. Among his responsibilities were the training and supervision of National Guardsmen called to funeral duty. SFC (Ret.) Michael Brewer and Sgt. Vanessa Kramer worked under Rector in various capacities. SSG Sean M. Fries served as a full-time member of the National Guard. He met with Rector about becoming a candidate for the MFHP.

Col. Roger Soldano was Rector's immediate supervisor. In November 2004, Col. Soldano received complaints about Rector's behavior. The colonel requested and received reports from several of those who complained, including Brewer, Kramer, and Fries (the "Individual Defendants"). After further investigation, Rector was fired.

Rector then sued the Individual Defendants in Michigan state court, raising claims of defamation and invasion of privacy, alleging that the statements made by the Individual Defendants were untrue and made with malice. In response, the U.S. Attorney certified that the Individual Defendants were acting under the scope of their employment. Pursuant to the Westfall Act, the case was removed to federal district court and the United States was substituted as the party-defendant.

Rector challenged the removal and substitution. The district court rejected his challenge, and granted the Government's motion to dismiss for lack of subject-matter jurisdiction. This timely appeal followed.

**II**

While presented as three separate issues, Rector actually raises one main claim on appeal: the district court erred in substituting the United States as party-defendant and dismissing his lawsuit because the Individual Defendants were not acting within the scope of their employment. He also alludes in several places to a second claim: for causes of action for which there is no remedy available against the United States, substitution should not be permitted. We address each argument in turn.

**A.     The Westfall Act**

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction. *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002). "Whether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996) (citations omitted).

The Westfall Act immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1). When a federal employee commits a tort while acting within the scope of his employment, any private remedy for that tort must be sought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (the "FTCA") (under § 2672, liability will generally hold "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). For a member of the National Guard, this means

acting in the line of duty. *Id.* § 2671. When the employee acts outside the scope of employment, however, a private tort action can be brought against the employee.

Upon certification by the U.S. Attorney General or his delegate (here, the U.S. Attorney, E.D. Mich.) that an individual defendant was a federal employee acting within the scope of employment, a tort suit filed in state court will be removed to federal court, and the United States will be substituted for the original defendant. *Id.* § 2679(d). The certification is conclusive for purposes of removal, *id.* § 2679(d)(2), but rebuttable for purposes of defendant substitution, *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir. 1990). On the latter issue, the certification provides *prima facie* evidence that the individual was acting within the scope of employment, placing the burden on the plaintiff to present evidence to the contrary. *RMI Titanium*, 78 F.3d at 1143.

**B.     Scope of Employment**

As explained by the district court, the Individual Defendants were clearly federal employees at all relevant times. *Rector v. United States*, No. 05-10324, slip op. at 5-7 (E.D. Mich. Sept. 19, 2006). Rector argues that the scope of their employment should be limited to the duties of preparing for, training for, and performing military funeral honors, as defined under various federal statutes, and does not include responding to inquiries from a superior officer. However, as noted above, the scope of employment is defined by state law, not federal law. 28 U.S.C. § 1346(b); *see also Singleton*, 277 F.3d at 870; *RMI Titanium*, 78 F.3d at 1143; *Arbour*, 903 F.2d at 421-22.

Under Michigan law, a person acts within the scope of employment if he is acting "while engaged in the service of his master, or while about his master's business." *Barnes v. Mitchell*, 67

N.W.2d 208, 210 (Mich. 1954) (quoting *Riley v. Roach*, 134 N.W. 14, 19 (Mich. 1912)). The crucial "question is whether the employee's actions are within his authority." *Arbour*, 903 F.2d at 422 (citations omitted) (interpreting Michigan law). The course of employment includes acts "undertaken in furtherance of the employer's purpose." *Backus v. Kauffman*, 605 N.W.2d 690, 693-94 (Mich. Ct. App. 1999). This is true "even if the actions constitute intentional torts," *Arbour*, 903 F.2d at 422 (citations omitted), or disobedience of the employer's "express orders or implied orders." *Barnes*, 67 N.W.2d at 210 (quoting *Chicago & N.W. Ry. Co. v. Bayfield*, 37 Mich. 205, 212 (1877)).

Here, the Individual Defendants made their allegedly defamatory remarks in reports submitted to a military superior, Col. Soldano. The reports by Brewer and Kramer were related to and in furtherance of their military-funeral duties as well as the performance of their immediate supervisor, Rector. The report by Fries related to his meeting with Rector about participating in the MFHP. The submission of the reports to a superior officer was clearly sufficient under Michigan law to bring the Individual Defendants' actions within their lines of duty—i.e., the scope of their employment. Accordingly, the district court correctly denied Rector's motion to strike the substitution of the United States as the party-defendant under the Westfall Act.

The United States enjoys sovereign immunity against suit unless it has expressly consented to waive that immunity. Under the FTCA, a private plaintiff can bring certain types of tort claims against the United States. 28 U.S.C. § 2674. Among other things, however, the plaintiff must exhaust any administrative remedies before bringing a lawsuit, and the specific tort must be one for which the United States has not reserved immunity. *Id.* §§ 2675(a), 2680. Rector fails to clear either hurdle: there is no dispute that he has not exhausted his administrative remedies, and his tort claims

arise out of libel, slander, and misrepresentation, which are specifically exempted from the general

waiver of immunity. *Id* § 2680(h).

**C.      28 C.F.R. § 15.4**

Lastly, Rector argues that because the United States is not subject to suit for libel, slander,

or misrepresentation, it cannot be substituted as the party-defendant.  In support, he refers us to 28

C.F.R. § 15.4, which provides in relevant part:

> (b) The United States Attorney for the district where the civil action or proceeding
> is brought . . . is authorized to make the statutory certification that the covered person
> was acting at the time of the incident out of which the suit arose under circumstances
> in which Congress has provided by statute that the remedy provided by the Federal
> Tort Claims Act is made the exclusive remedy.

Rector contends that because he has no remedy under the FTCA, the certification by the U.S.

Attorney is nugatory.

Rector misreads the regulation.  Congress has deemed the FTCA as the exclusive remedy for

a tort against a federal employee even when the FTCA expressly precludes liability by the United

States. *See* 28 U.S.C. § 2679(b)(1).  As this court has recently explained in an unpublished opinion,

> This exemption in the FTCA, when read next to the Westfall Act's substitution
> provision, creates an apparent inequity: if the individual tortfeasor acted within the
> scope of employment when committing one of the exempted torts, then the
> Government must still be substituted and the individual tortfeasor remains immune
> from liability. *Maron v. United States*, 126 F.3d 317, 321-22 (4th Cir. 1997).  The
> apparent unfairness of this result was noted by the Supreme Court a number of years
> ago: ". . . Congress recognized that the required substitution of the United States as
> the defendant in tort suits against Government employees would sometimes foreclose
> a tort plaintiff's recovery altogether." *United States v. Smith*, 499 U.S. 160, 166, 111
> S. Ct. 1180, 113 L.Ed.2d 134 (1991).

*Roberts v. United States*, 191 F. App'x 338, 344 n.4 (6th Cir. 2006).  Unfortunately for Rector, the

United States was properly substituted as party-defendant under the Westfall Act, but, under the

FTCA, the United States has not waived its sovereign immunity from the tort claims he brought.


**III**

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing this

action.