NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0086n.06

No. 23-1278

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Feb 29, 2024
KELLY L. STEPHENS, Clerk

|  |  |
|---|---|
| TREY CHOLEWA, | ) |
| Plaintiff-Appellee, | ) |
|  | ) |
| v. | ) ON APPEAL FROM THE |
|  | ) UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) COURT FOR THE EASTERN |
|  | ) DISTRICT OF MICHIGAN |
| Defendant-Appellee, | ) |
|  | ) OPINION |
| JENNIFER R. ROBINSON, M.D., | ) |
| Defendant-Appellant. | ) |
|  | ) |

Before: COLE, GILMAN, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Trey Cholewa, a Marine Corps veteran, received mental health treatment at a Department of Veterans Affairs (VA) hospital in Detroit. He claims that his VA-employed psychiatrist, Dr. Jennifer Robinson, engaged in sexual conduct with him during their therapy sessions and otherwise breached the professional standard of care. Cholewa sued the United States and Robinson for medical malpractice, negligence, and medical battery. Robinson moved to substitute the United States as the sole defendant on the ground that she was immune from suit under the Westfall Act because the alleged conduct fell within the scope of her employment. The district court disagreed and denied her petition. For the following reasons, we VACATE the district court's order and REMAND for further proceedings.

I.

A.

This case is about the policies that Congress has chosen for handling claims for torts committed by federal employees. To get our bearings, we chart the relevant legal framework.

Through the Federal Tort Claims Act (FTCA), Congress waived the United States' sovereign immunity as to certain torts committed by federal employees while acting within the scope of their employment and vested exclusive jurisdiction over such claims in the federal district courts. 28 U.S.C. § 1346(b)(1). And through the Westfall Act, Congress made the distinct but related decision to make the remedies available under the FTCA against the United States "exclusive of any other civil action or proceeding" against the employee. *Id.* § 2679(b)(1). In other words, Congress has "accord[ed] federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). When a plaintiff's claim arises out of acts by the federal employee that were within the scope of employment, the employee enjoys an immunity "not simply from liability, but from suit." *Id.* at 238; *see also United States v. Smith*, 499 U.S. 160, 165–66 (1991). So, for claims covered by the Westfall Act, the defendant employee is entitled to have the United States step into her shoes and defend the suit in its own name. *See Laible v. Lanter*, 91 F.4th 438, 441 (6th Cir. 2024).

The Westfall Act charges the Attorney General with determining, in the first instance, whether an employee was acting within the scope of her employment during the relevant conduct. If the Attorney General answers "yes," the United States is substituted for the employee as the defendant. 28 U.S.C. § 2679(c), (d)(1). But if the Attorney General answers "no," the employee still has recourse. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 430–31 (1995). The employee

will remain a defendant in the suit, but she "may at any time before trial petition the court to find and certify" that she was acting within the scope of employment. 28 U.S.C. § 2679(d)(3). If the court so certifies, the United States is substituted as the defendant. *Id.*

With this framework in mind, we turn to the history of this federal-employee tort suit.

B.

Trey Cholewa served five tours of duty as a Marine Corps machine gunner, including four combat tours in Iraq and Afghanistan, and he attained the rank of sergeant. He was medically discharged in May 2015 because of chronic pain and severe post-traumatic stress disorder. Following his discharge, he returned to Michigan, where his wife and children lived, and began receiving mental health treatment at a VA hospital in Detroit.

Between September 2015 and August 2017, Cholewa had twenty documented treatment sessions with Jennifer Robinson, M.D., a board-certified psychiatrist employed by the VA. He claims that he also had ten undocumented sessions with Robinson. Cholewa asserts that Robinson made amorous comments to him from the beginning of their treatment relationship. And during their sessions from approximately March to August 2017, he says, she made sexual advances that escalated from hugging and massaging to kissing and fondling. Robinson also allegedly encouraged Cholewa to leave his wife.

In November 2018, Cholewa filed an administrative tort claim with the VA, alleging that he had suffered emotional, psychological, and other injuries as a result of Robinson's conduct. The VA temporarily suspended Robinson's clinical privileges while it investigated the claims. But after Robinson denied the allegations and Cholewa failed to respond to the VA's attempts to reach him, the VA reinstated Robinson to clinical practice. While the present litigation was ongoing, however, Cholewa produced audio recordings that he claimed captured exchanges in which he and

Robinson discussed their romantic involvement. Upon receipt of these recordings, the VA revoked Robinson's clinical privileges.

Cholewa sued the United States in July 2019, bringing claims of medical malpractice, negligence, and medical battery. He later amended his complaint to name Robinson as an additional defendant. The amended complaint alleged that Robinson breached her duty of care by, among other things, failing to refrain from romantic, emotional, or sexual involvement or contact with Cholewa, failing to properly obtain his medical history, failing to make timely and necessary referrals, and failing to accurately document treatment sessions. And it alleged that the United States, through the VA, breached its duty of care by, among other things, failing to properly screen its employees, failing to adopt and enforce appropriate standards and rules for physicians, failing to supervise treating physicians, and failing to distribute information to patients regarding recourse in the event of sexual harassment by staff.

Because the local United States Attorney, as delegate of the Attorney General, had declined to certify that Robinson was acting within the scope of her employment at the time of the relevant incidents, the suit proceeded against Robinson and the United States as codefendants. Robinson then petitioned the district court under 28 U.S.C. § 2679(d)(3) to certify that she was acting within the scope of her employment. The court initially denied that petition without prejudice, explaining that discovery was needed to decide the question. The parties conducted extensive discovery, taking deposition testimony from Robinson, Cholewa, VA supervisors, and several others. Robinson invoked her Fifth Amendment privilege against self-incrimination in response to all questions relating to her interactions with and treatment of Cholewa.

At the close of discovery, Robinson and the government moved for summary judgment, and Robinson again petitioned for substitution. Robinson's petition contended that Cholewa's

testimony was too vague, inconsistent, or otherwise incredible to support his allegations of sexual conduct. But even if the sexual conduct did occur, she argued, it was within the scope of her employment because it reflected a misdirected effort to navigate the therapeutic relationship in the interest of her patient's care. And if nothing else, she added, the allegations that she failed to properly document Cholewa's treatment sessions, obtain a medical history, or make timely referrals were "uncontroversially" within the scope of her duties as a psychiatrist.

The district court denied the summary judgment motions because it concluded, as relevant here, that whether Robinson engaged in sexual conduct with Cholewa was a disputed issue of material fact. A year after denying summary judgment, the district court held a hearing on Robinson's Westfall Act petition. During the hearing, Robinson, Cholewa, and the government all advised the court that they saw no need for it to hold an evidentiary hearing before ruling on the petition, and they suggested, moreover, that the petition presented a pure question of law for the court to resolve. The court subsequently issued a written opinion and order denying the petition. Following the parties' lead, the court made no findings of fact in its order; instead, it analyzed Michigan *respondeat superior* law and concluded as a matter of law that sexual contact with a patient is not within the scope of a psychiatrist's employment. The court therefore ruled that the "alleged" sexual conduct was outside the scope of Robinson's employment and, on that basis, determined that Robinson was not entitled to Westfall Act certification and substitution. *Cholewa v. United States*, No. 19-cv-12190, 2023 WL 372647, at *7 (E.D. Mich. Jan. 24, 2023).

Robinson timely appealed. We have jurisdiction because the denial of Westfall Act immunity qualifies as a reviewable final order for purposes of 28 U.S.C. § 1291. *Osborn*, 549 U.S. at 238.

II.

A Westfall Act scope-of-employment determination is a question of law that we review de novo. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996). We analyze the scope question under the law of the state where the conduct occurred—here, Michigan. *Id.* Where there are genuine factual disputes material to the scope determination, the district court must resolve those issues before deciding on certification. *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008); *see also Melo v. Hafer*, 13 F.3d 736, 746–47 (3d Cir. 1994); *Kearns v. United States*, 23 F.4th 807, 812 (8th Cir. 2022). Such factual findings stand unless they are clearly erroneous. *Laible*, 91 F.4th at 442; Fed. R. Civ. P. 52(a)(6).

Robinson and Cholewa disagree over whether the evidence shows that Robinson engaged in sexual conduct with Cholewa. But they share the view that the district court was wrong to conclude that, if such conduct occurred, it was outside the scope of a psychiatrist's employment under Michigan law. And Robinson contends that, even if the district court's analysis of Michigan law is correct, the court should have certified that some of the alleged conduct—such as failing to accurately document treatment sessions—was within the scope of her employment. The government defends the district court's reading of Michigan law and the denial of Robinson's petition.

Our review in this appeal is frustrated by a basic problem: there are no factual findings in the record before us. The court denied the parties' motions for summary judgment on the ground that there remained "a genuine dispute" over whether acts of a "romantic or sexual" nature occurred between Cholewa and Robinson. R. 80, PageID 4222. And its order denying Westfall Act certification revealed that the court continued to view that factual issue as unresolved. But, in making a Westfall Act certification decision, a district court "must identify and *resolve* disputed

issues of fact necessary to its decision before entering its order." *Osborn v. Haley*, 422 F.3d 359, 364 (6th Cir. 2005) (quoting *Singleton v. United States*, 277 F.3d 864, 870 (6th Cir. 2002)), *aff'd*, 549 U.S. 225 (2007) (emphasis added).  Here, it was necessary to resolve the parties' dispute of fact.[1]  The district court's opinion arrived at the *legal* conclusion that, under Michigan law, sexual conduct is outside the scope of a psychiatrist's employment.  But, under that view of the law, the scope determination still turns on the disputed factual question of whether Robinson *did* engage in sexual conduct with Cholewa.  If, as a factual matter, no sexual conduct occurred, then there was no basis in the court's order for denying Robinson's certification petition.

To be clear, much of the fault for this situation lies with the three parties, who expressly waived an evidentiary hearing before the district court and strongly implied that the court could resolve the scope issue as a pure question of law.  But findings of fact are a prerequisite to denying Robinson's petition on the grounds given by the district court and urged by the government.  *See id.*  We cannot make the necessary findings in the first instance, so we must vacate the order and remand for findings of fact.  We leave it to the district court's discretion to decide whether an evidentiary hearing will assist it in that task or whether there is a sufficient paper record for it to make its findings.  And because, without factual findings, we cannot form a judgment on the district court's decision to deny certification, we need not decide at this stage whether the conduct alleged would fall outside the scope of employment under Michigan law.

One issue remains to be addressed:  whether the United States should be substituted as to claims arising from the alleged non-sexual acts by Robinson—failure to properly document

---

[1] A district court may sometimes resolve a Westfall Act certification question without making factual findings.  For example, a court need not make factual findings when the complaint's allegations, accepted as true, would still "establish that the employee was acting within the scope of his her/employment."  *RMI Titanium*, 78 F.3d at 1143.  In such a case, certification would be appropriate regardless of the disputed facts.

treatment, obtain a medical history, or make timely referrals. Robinson asserts that the district court should have separately considered whether this conduct was within the scope of employment. The government characterizes her argument as "puzzling," however, because it claims that it has never denied that those acts were within the scope of employment.

The government misunderstands the nature of this issue. Whatever the government may think about Robinson's alleged non-sexual acts, the refusal by the government and the district court to certify that Robinson was acting within the scope of her employment had the effect of entirely denying her Westfall Act immunity. Therefore, unless and until the district court grants the certification petition, she remains a party defendant and is set to face trial on Cholewa's claims. It is of no moment that the government also remains a party to the suit and may be found liable at trial. As the Supreme Court has made clear, the Westfall Act confers on a qualifying federal employee an immunity "not simply from liability, but from suit." *Osborn*, 549 U.S. at 238. Robinson has asserted a right to statutory immunity. *See* 28 U.S.C. § 2679(d)(3). If she is entitled to immunity, the appropriate time for that determination is now, not at trial.

We leave it to the parties and the district court, on remand, to sort out whether Cholewa has brought any claims against Robinson that arise wholly out of within-the-scope conduct. If so, the United States must be substituted as the defendant as to the claim or claims. *See id.* § 2679(b)(1), (d)(3). We express no view on what conduct has occurred or on what claims, if any, may be appropriate for certification. Nor do we take a position on any consequences of substituting the United States as to some, but not all, of the claims.

\* \* \*

We VACATE the order of the district court and REMAND for further proceedings.